UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

REGINA LEWIS,

        Plaintiff,

v.

ABBOTT LABORATORIES, ORTHO-MCNEIL
JANSSEN, MILES D. WHITE, JANET VERGIS,
KIMBERLY PARK, WILLIAM C. WELDON, and
JOHNSON & JOHNSON PHARMACEUTICAL,

        Defendants.

08 Civ. 7480 (SCR)(GAY)

MEMORANDUM ORDER
ADOPTING REPORT AND
RECOMMENDATION

---

**STEPHEN C. ROBINSON, United States District Judge:**

    Regina Lewis commenced this lawsuit against Abbott Laboratories ("Abbott"), Miles D. White, Abbott's Chief-Executive Officer, Ortho-McNeil Janssen ("Ortho-McNeil"), Janet Vergis, President of Ortho-McNeil, Kimberly Park, Vice President of Ortho-McNeil, Johnson & Johnson Pharmaceutical, William C. Weldon, Chairman and Chief Executive Officer of Johnson & Johnson. Ms. Lewis' Complaint asserts claims under New York products liability laws. Abbott and Mr. White (the "defendants") have moved to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim. That motion was referred to Magistrate Judge Yanthis, and he has issued a Report and Recommendation (the "Report") recommending that the defendants' motion be granted.

    In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C § 636(b)(1). To accept a Report and Recommendation to which no timely, actionable objection has been made, a district court need only satisfy itself that "there is no clear error on

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:

–1–

the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted); *accord Edwards v. Fischer*, 414 F. Supp. 2d 342, 346-47 (S.D.N.Y. 2006); *see also Pizarro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991) (court may accept report if it is "not facially erroneous"). When specific objections are made, "the district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). "Objections to a Report and Recommendation 'are to be specific and are to address only those portions of the proposed findings to which the party objects.'" *Id.* (citing *Camardo v. General Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 381-82 (W.D.N.Y. 1992)). However, when a party makes conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error. *Renelique v. Doe*, No. 99 Civ. 10425, 2003 WL 23023771, at *1 (S.D.N.Y. Dec. 29, 2003) (collecting cases).

The Court has reviewed Ms. Lewis' objections, as well as Judge Yanthis' Report, and agrees, after a *de novo* review, with Judge Yanthis' recommendation. The Court also notes that the Supreme Court recently elaborated on its decision in *Bell Atlantic v. Twombly*, 127 S. Ct. 1955 (2007). In *Ashcroft v. Iqbal*, --- U.S. --- , 129 S. Ct. 1937 (2009), the Court explained that there are "[t]wo working principles" that underlie its decision in *Twombly*. *Iqbal*, 129 S. Ct. at 1949. First, the Court explained, the "tenant that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* It is only when a complaint includes "well-pleaded factual allegations" that "a court should assume their veracity." *Id.* at 1950. Second, once a court has determined that there are well-pleaded factual allegations, then it must "determine whether they plausibly give rise to an entitlement to relief." *Id.*

–3–

The Supreme Court's decision provides further support for Judge Yanthis' Report. Consequently, the Court grants the defendants' motion to dismiss. The Clerk of the Court is direct to close docket entry 16.

*It is so ordered.*

Dated: White Plains, New York

July 24, 2009

_____
Stephen C. Robinson, U.S.D.J.