LEWIS

    Plaintiff,

v.

ABBOTT LABORATORIES et al

    Defendants,

Plaintiff's Rule 52 Motion

08Civ.7480 (SCR) (GAY)

2020 MAR 17 PM 12: 13
SDNY PRO SE OFFICE
RECEIVED

1. The Court must accept as true the facts alleged in the complaint and must construe such facts in the light most favorable to the pleader. See Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 747 (Fed. Cir. 1988); Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995) (holding that courts are obligated "to draw all reasonable inferences in plaintiff's favor"). Therefore, since the court did not draw all reasonable inferences in plaintiff's favor the "continuing violation" doctrine overrides the statute of limitations, see *Shomo v. City of New York 579 F.3d (2009);* and under these circumstanced I have demonstrated extraordinary circumstances or extreme hardship, see *Korematsu v. United States, 323 U.S. 214 (1944*). Accepted as true my facts considered in a light most favorable to me, I claim strict liability and reason for a jury to decide, see *Hinckley v. La Mesa R.V. Center, Inc.*, 158 Cal. App.3d 630, 205 Cal. Rptr. 22 (1984).

2. The court made no finding of fact and conclusion of law as to my claims, see New York, *York Mortgage Corporation v. Clotar Const. Corp.*, 254 N.Y. 128, 133, 172 N.E. 265 (1930); These findings should represent the judge's own determination and not the long, often argumentative statements of successful counsel. *United States v. Forness, supra; United States v. Crescent Amusement Co.* (1944) 323 U.S. 173.

3. I seek damages from the liable parties for my injury caused by the defendants' drugs in combination. significantly lowers the burden of proof for the plaintiff. Burden of proof can define the duty placed upon a party to prove or disprove a disputed fact, or it can define which party bears this burden. I have a right to a trial before a jury.

March 12, 2020

The Court's March 2, 2020 Order, Dkt. 60, denied Plaintiff's motion for reconsideration as untimely and closed this action. The instant motion, which appears to raise similar arguments, is also denied with prejudice for the reasons stated in the March 2, 2020 Order. The Clerk of Court is respectfully directed to terminate the motion at Dkt. 61. Defendants' counsel shall mail a copy of this Order to Plaintiff and file proof of such service on the docket.

SO ORDERED.

Hon. Ronnie Abrams
4/1/2020

Rhona Harris
21 Kinney Ct.
Newburgh NY 12550

RECEIVED
SDNY PRO SE OFFICE

2020 MAR 17 PH 12: 09

U.S. District Court
500 Pearl St.
New York, NY 10007

Pro Se
Intake
RH

ALBANY NY 120

13 MAR 2020 PM 2 L

10007-131608

